# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 27, 2000 Session

## ELPIDIO PETE PLACENCIA v. LAUREN ROCHELLE PLACENCIA

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 138164 R.D.    The Honorable George H. Brown, Jr., Judge**

---

**No. W1999-01812-COA-R3-CV - Filed December 27, 2000**

---

HOLLY KIRBY LILLARD, J., concurring.

I agree fully with the result reached by the majority in this case. I write separately to clarify my reasoning with regard to relocation.

The reasoning in the majority opinion refers to Tennessee Code Annotated § 36-6-108(d), which sets forth the standard where the child spends greater time with the parent who proposes to relocate. However, under the facts in this case, it is unclear to me whether the trial court's hearing on relocation would be pursuant to T.C.A. § 36-6-108(d) or pursuant to Section 36-6-108(c), which governs parental relocation where the parents are spending substantially equal intervals of time with the child. Subsection (c) provides:

> (c) If the parents are actually spending substantially equal intervals of time with the child and the relocating parent seeks to move with the child, the other parent may… file a petition in opposition to removal of the child. <u>No presumption in favor of or against the request to relocate with the child shall arise</u>. <u>The court shall determine whether or not to permit relocation of the child based on the best interests of the child</u>. The court shall consider all relevant factors including the following where applicable.…

T.C.A. § 36-6-108(c) (Supp. 2000) (emphasis added). The statute then lists the eleven "best interest" factors set forth in the majority opinion.

In this case, prior to Mother's initial petition to change custody, Megan resided primarily with Father. After Mother filed the initial petition to change custody and Father filed his petition seeking permission to relocate with Megan to Georgia, the trial court ordered that, during pendency of the proceedings, custody would be placed with Mother. Father moved to Georgia, and for nearly three years Megan resided with Mother while the appeal was pending to this Court and to the Tennessee

Supreme Court. When the trial court entered the order at issue in this case, in November 1999, custody was then placed with Father during the pendency of this appeal.

Under these circumstances, it is unclear which subsection of Section 36-6-108 applies. Megan resided primarily with Father when Mother's initial petition was filed, resided with Mother for nearly three years until the trial court's November 1999 order denying Mother a hearing on her petitions, and has resided with Father since then. Father argues that subsection (d), which governs situations in which the child has been spending greater time with the parent who seeks to relocate, should apply in this case, since this court held previously that custody should not have been changed to Mother. However, subsections (c) and (d) of Section 36-6-108 state expressly that the trial court must determine which subsection applies based on the reality of where the child is living, not which parent has legal custody.[1] Therefore, on remand, the trial court must make a factual determination of whether Megan has been residing primarily with Father during the pertinent time period (undefined in the statute), or whether Megan has actually spent substantially equal time with both parents.

In this appeal, it is not necessary for this Court to determine which subsection of Section 36-6-108 applies, because findings necessary to determine the issue of relocation have not been made by either the trial court or by this Court, regardless of which subsection governs. In the proceedings that were the basis for the first appeal, the trial court found that material changes in circumstances warranted a change of custody to Mother. Father's petition for permission to relocate with Megan was not decided.

On appeal, this Court reversed the trial court's change of custody. *Placencia v. Placencia*, 3 S.W.3d 497 (Tenn. Ct. App. 1999) (*Placencia I*). The appellate court noted that there was no evidence that Father's motives for relocating were vindictive, and therefore could not "serve as a material change in circumstances warranting a redetermination of custody." *Id.* at 500. The appellate court also concluded that the other changes in circumstances did not warrant a change in custody. *Id.* at 502. The appellate court then went on to find that it was in Megan's best interest to remain in Father's custody, relying heavily on Tennessee's "strong presumption in favor of continuity of placement." *Id.* at 503. The issue of Father's petition for permission to relocate to Georgia with Megan was not addressed on appeal, since it had not been determined by the trial court.

Consequently, under either subsection (c) or subsection (d) of Section 36-6-108, the factual issues necessary to determine relocation have not been decided. This is particularly true in light of the changes in circumstances that have occurred since the filing of Mother's initial petition to change custody and Father's petition for permission to relocate. Father no longer works for Wal-Mart in

---

[1] T.C.A. § 36-6-108(c) applies "[i]f the parents are <u>actually</u> spending substantially equal intervals of time with the child...." [emphasis added] T.C.A. § 36-6-108(d) applies "[i]f the parents are not <u>actually</u> spending substantially equal intervals of time with the child...." [emphasis added]

Georgia; rather, he attends law school in Topeka, Kansas.[2] Moreover, the perspective on "continuity of placement" for Megan in ascertaining her "best interests" has changed since the initial petitions, given the fact that Megan resided with Mother during the nearly three years preceding the trial court's order refusing to grant Mother a hearing.

In short, the issue of relocation must be addressed by the trial court, regardless of whether subsection (c) or subsection (d) of T.C.A. § 36-6-108 applies. This issue turns on the trial court's finding of whether Megan has spent greater time with Father or has spent substantially equal time with both parents, and need not be determined by this Court in this appeal.

On this basis, I concur.

 

 

_____<br>
HOLLY KIRBY LILLARD, JUDGE

---

[2] The record does not reveal why Father chose to attend law school in Kansas rather than attending law school in Memphis, Tennessee, where Mother resides. *See **Shremp v. Shremp**,* No. W1999-01734-COA-R3-CV, 2000 WL 1839127 (Tenn. Ct. App. Dec. 7, 2000). (Mother did not have a reasonable purpose to relocate to North Carolina to live with her new husband, a Federal Express pilot, where Mother's new husband had no compelling reason to refuse to move to Memphis to live with Mother.).